Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruth Texin, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>The Law Office of John P. Frye, P.C.; John P. Frye; Atlantic Credit & Finance Inc., Doe One,<br><br>　　　　　　　Defendants.<br>_____/ | Case No.: CV 11-04251 :LB<br><br>**CLASS ACTION**<br><br>**COMPLAINT TO SEEK REDRESS FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**JURY TRIAL DEMAND** |

## I. INTRODUCTION

1.　This action is brought to seek redress for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ( "FDCPA").

2.　The FDCPA is a remedial statute. Its language is construed broadly so as to give effect to its purpose, i.e. prevention of abusive, deceptive and unfair debt collection practices, 15 U.S.C. § 1692(a). Adjudication of matters under the act are made from the perspective of the least sophisticated debtor, *Swanson v. Or. Credit Serv.*, 869 F.2d 1222, 1226-30 (9th Cir. 1988).

3.　This lawsuit challenges Defendant Atlantic's use of Defendant Frye's attorney collection letter to induce consumers to believe that an attorney has become involved in Atlantic's debt collection effort, though the attorney only lends the imprimatur of his law firm to induce collection of the debt. Further, the collection letter fails to advise Plaintiff and members of the putative class of their right to obtain an exact up-to-date amount due on payment of the alleged debt.

COMPLAINT　　　　　　　　　　　　　　　1　　TEXIN vs. LAW OFFICE OF JOHN FRYE, *et al.*

1    This Defendant's violation of the FDCPA sending the collection letter described herein is
2    the unlawful conduct challenged in this lawsuit.

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

5.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III. PARTIES

6.  Plaintiff, RUTH TEXIN ("Ms. Texin") is an adult natural person residing in this district. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7.  Defendant, THE LAW OFFICE OF JOHN P. FRYE, P.C. ("Law Office") is engaged in the business of collecting consumer debts with its principal place of business in Roanoke, Virginia. The principal business of Law Office is the collection of consumer debts using the mails and telephone to collect consumer debts alleged to be due another. Law Office is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8.  Defendant JOHN P. FRYE ("Frye") is a natural person and is or was an employee, agent, officer and/or director of Law Office at all relevant times. Frye is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that Frye is liable for the acts of Law Office because he sets and approves Law Office's collection policies, practices, procedures and he, along with his Co-Defendant Atlantic, directed the unlawful activities described herein.

9.  Defendant, ATLANTIC CREDIT & FINANCE, INC. ("Atlantic") is a Virginia corporation engaged in the business of collecting consumer debts with its principal place of business located in Roanoke, Virginia. The principal business of Atlantic is the purchase and collection of consumer debts using the mails and agent debt collectors, such as Defendant Frye. Atlantic is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Atlantic is vicariously

//
//

liable to Plaintiff and the class for the acts of Law Office and Frye.[1]

10. Defendant Doe One is an employee of the law office who formulated and sent the communication purporting to be from an attorney.

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named in the case caption.

### IV. FACTUAL ALLEGATIONS AGAINST DEFENDANT FRYE AND ATLANTIC

12. Frye sent a collection letter dated November 23, 2010 (<u>Exhibit A</u>) to Plaintiff. The letter was sent on Defendant Frye's letterhead shown in its distinctive type as:

**The Law Office of John P. Frye, P.C.**

13. The body of the letter opens with a salutation:

**Dear Mr/Ms Ruth Texin**

14. The following paragraph then states:

> **Please allow this letter to serve as an introduction to Atlantic Credit & Finance, Inc. (ACF). ACF has purchased the account (the "Account") referenced above and it has been placed with the Law Office of John P. Frye, P.C. for collection. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.**

15. Plaintiff alleges that Defendant Frye made no professional review of the account or the letter sent to Plaintiff. Frye is not professionally involved in collection of the alleged debt.

16. Defendant Frye, though disclaiming attorney review of the account, opines:

---

[1] *See Fox v. Citicorp Credit Servs.,* 15 F.3d 1507, 1516 (9th Cir. 1994)("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

COMPLAINT           3           TEXIN vs. LAW OFFICE OF JOHN FRYE, *et al.*

> **Our records reflect you are obligated on the Account. The Account is currently in default. Accordingly, ACF as owner and holder of the Account, is entitled to be paid the entire balance due. The current balance on the Account is $2,550.05. All payments on the Account should be sent to the address above along with the attached coupon.**

17. Plaintiff alleges the one sentence disclaimer of non-attorney review is contradicted and overshadowed by the language in the letter which evidences the letter as being from an attorney, e.g.:

   a) The letter is signed the "Law Office of John P. Frye;

   b) Defendant Frye represents the account "has been placed with the Law Office of John P. Frye for collection;

   c) Frye's records show that you [Plaintiff] are obligated on the account;

   d) ACF is holder of the account;

   e) ACF is entitled to be paid the balance due;

   f) The current balance on the account is $2,550.55.

18. Alternatively, Plaintiff alleges that Defendant Frye's reliance on the non-attorney disclaimer is an admission that the Defendant Frye violated 15 U.S.C.§ 1692e(3) in sending a collection letter by falsely representing or implying that it is from an attorney. A debt collector violates 15 U.S.C. § 1692e(3) when a letter appears to be sent from an attorney without the attorney having reviewed the debtor's file and gained some knowledge about the debt. *Irwin v. Mascott*, 122 F. Supp.2d 937, 939 (N.D. Cal. 2000).

19. Plaintiff alleges that the collection letter (Exhibit A) is a form letter mass produced and sent to over 40 California consumers to deceive the consumers into believing an attorney is meaningfully involved in collecting the alleged debt even though there is no such involvement by an attorney.

20. Defendant Frye uses his law office imprimatur as a masquerade to deceive consumers that a lawyer is involved in collecting the debt.

21. Plaintiff alleges that notwithstanding the Defendant Frye's single sentence non-attorney disclaimer, the least sophisticated debtor upon receiving Exhibit A would believe it had been sent by an attorney.

22. The collection notice at <u>Exhibit A</u> did not notify the Plaintiff of his right to obtain an exact, up-to-date amount of the debt allegedly due.

23. Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its letters into compliance with the FDCPA, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

**V.  FACTUAL ALLEGATIONS AGAINST
DEFENDANT FRYE AND DEFENDANT DOE ONE** [2]

24. Defendant Frye authorized Defendant Doe One to send a collection letter to Plaintiff over the letterhead of Defendant Fry's, which shows in bold type:

*The Law Office of*
**JOHN P. FRYE, P.C.**
**PO BOX 13665. ROANKE, VIRGINIA  24036-3665**
**Toll Free: 866-763-5100**
**Fax: 540-767-7807**

This letter is signed by print:

Sincerely yours,
The Law Office of John P. Frye, P.C.

25. The collection letter in one sentence states "At this time no attorney with this firm has personally reviewed the particular circumstances of your account."  This one sentence is contradicted and overshadowed by the body of the collection letter.  The impact on the least sophisticated consumer would be to believe the letter is from an attorney. The letter makes the following legal assessments:

    a) Our records reflect you [Plaintiff] are obligated on the account;

    b) The account is currently in default;

    c) Accordingly, ACF is owner and holder of the account;

    d) [ACF] is entitled to be paid the entire balance;

    e) The current balance on the account is $2,550.00;

---

[2] Doe One is liable as an employee. *Teng v Metropolitan Retail*, 851 F. Supp.61, 67 (E.D. NY 1994).

COMPLAINT                                                5       TEXIN vs. LAW OFFICE OF JOHN FRYE, *et al.*

      f)      Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof this office will assume this debt is valid.

26. Doe One's admission that the particular circumstances of Plaintiff's case has not been reviewed by an attorney establishes that Defendant Doe One sends a collection letter falsely representing that the communication is from an attorney thereby violating 15 U.S.C. § 1692e(3). Defendant Frye's and Defendant Doe One's conduct is unfair and unconscionable under 1692f and false, deceptive and misleading under 1692e and e(10): A letter which implies that an attorney has become involved in the collection of an alleged debt may very well convince the unsophisticated debtor to pay a debt that the debtor would otherwise contest. "The act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v G.C. Services Corp.*, 677 F.2d 775, 777, (9th Cir. 1982). Accordingly, this Court finds that . . . action is unfair and unconscionable in violation of § 1692f. *Masuda v Thomas Richards and Co.*, 759 F. Supp. 1456, 1462 (1991).

### VI. COUNT ONE
### (Violation of the Federal Fair Debt Collection Practices Act)
### As Against Defendants Atlantic and Frye and Law Offices

27. Plaintiff incorporates all of the foregoing paragraphs.

28. Defendants violated the FDCPA as to the Plaintiff and the class. Defendants' violations include violations of 15 U.S.C. § § 1692e, 1692 e(3) and 1692e(10) and 1692f as evidenced by the following conduct:

    a)    Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

    b)    Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

    c)    Failing to provide the consumer with written notice of a right to obtain a current statement upon payment of the alleged debt.

29. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the

purpose of inducing Plaintiff to pay the debt.

30. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff and members of the class for actual damages, statutory damages and attorney's fees and costs.

31. Defendants, by mailing or causing to be mailed the collection letter in the form of Exhibit A, violated 15 U.S.C. § 1692e, e(3), and e(10).

32. The collection letter, Exhibit A, without any meaningful involvement by an attorney, was a false representation that the letter was from an attorney, thereby violation 15 U.S.C. § 1692e(3), e(10) and 15 U.S.C. § 1692f.

## VII. COUNT TWO
### As Against Defendants Atlantic, Frye and Doe One

33. Plaintiff re-alleges the foregoing allegations.

34. Defendant Doe One, a non-attorney, violates 15 U.S.C. § 1692e(3) by sending a communication to collect a debt by misrepresenting that the communication is from an attorney.

## VIII. CLASS ALLEGATIONS

35. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

36. The class is so numerous that joinder of all members is impractical.

37 There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First Cause of Action herein.

38. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendant's records.

39. Plaintiff will fairly and adequately protect the interests of the class.

40. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

41. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692, *et seq.*

42. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

44. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ruth Texin, on behalf of herself and all others similarly situated, requests that judgment be entered in her favor and in favor of the class against Defendant.

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other relief as the Court may find to be just and proper.

Dated: 8/26/11                                       /s/
                                                          Irving L. Berg

///

///

///

## X. **JURY DEMAND**

Plaintiff hereby demands that this case be tried before a jury.

Dated: 8/26/11

/s/
Irving L. Berg

THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, CA 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF

The Law Office of John P. Frye
PO Box 11767
Roanoke, VA 24022-1767

1055365

Return Service Requested

**The Law Office of**
# JOHN P. FRYE, P.C.

PO Box 13665 • Roanoke, Virginia 24036-3665
Toll Free: 866-763-5100
Fax: 540-767-7807


001420  AC2TA328
RUTH TEXIN
2628 34TH AVENUE
SAN FRANCISCO, CA 94116

November 23, 2010

| | | |
|---|---|---|
| Original Creditor: | HSBC RETAIL BEST BUY | Acct #: 7021271146409583 |
| Client: | Atlantic Credit & Finance, Inc. | JPF Acct #: 1055365 |
| | | Balance: $2,550.05 |

Dear Mr/Ms Ruth Texin:

Please allow this letter to serve as an introduction to Atlantic Credit & Finance, Inc. (ACF). ACF has purchased the account (the "Account") referenced above and it has been placed with The Law Office of John P. Frye, P.C. for collection. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Our records reflect you are obligated on the Account. The Account currently is in default. Accordingly, ACF as owner and holder of the Account, is entitled to be paid the entire balance due. The current balance on the Account is $2,550.05. All payments on the Account should be sent to the address above along with the attached coupon.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. If you are represented by an attorney in regard to this debt, please refer this letter to your attorney for a response. Likewise, if you are in an active bankruptcy case, or this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney for a response.

To discuss this debt, please call our Inbound Collection Department, toll free at 866-763-5100, between 12:00 P.M. and 9:00 P.M. EST Monday through Wednesday, 8:30 A.M. and 5:30 P.M. EST on Thursdays and 9:00 A.M. to 5:00 P.M. EST on Fridays.

Sincerely Yours,
The Law Office of John P. Frye, P.C.

Plaintiff's Exhibit
A

Office Hours: Office Hours: 8:30 A.M. - 9:00 P.M., Monday - Wednesday; 8:30 A.M. - 5:30 P.M., Thursday; 9:00 A.M. - 5:00 P.M. Friday (EST)

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

NOTICE: Please See the Reverse Side....

▲ Detach Here ▲    **DETACH HERE AND ENCLOSE THIS PORTION ALONG WITH PAYMENT**    ▲ Detach Here ▲
Make check or money order payable to The Law Office of John P. Frye